# Lyon *et al. v.* Dees.

*Bill in Equity to set aside Execution Sale of Lands.*

84 595
101 702

1. *Mortgage and judgment for same debt.*—A judgment being assigned to a third person, as security for money advanced by him, at the request of the defendant, on settlement with the judgment creditor, and a mortgage afterwards given for the same debt with another debt, the assignee can enforce both the judgment and the mortgage; and though a subsequent revivor of the judgment, by consent, in the name of the assignee, may conclusively show that the debt was not then satisfied in full, it does not authorize him to so enforce both for the payment of the money due him as that he shall have double payment of the same debt.

2. *Plea good in part.*—A plea in bar of the whole bill, which is good as to part only, is properly overruled.

APPEAL from Choctaw Chancery Court.

Heard before Hon. THOMAS W. COLEMAN.

The appellee, Willoughby J. Dees, filed this bill against Joseph M. and Mary J. Lyon, and Calvin Dees, and sought to set aside an execution sale of certain lands, made January 15th, 1885, under a certain judgment recovered in the Circuit Court of Choctaw county on the 29th of April, 1880, by one Ward against Calvin Dees and appellee, Willoughby Dees, in the sum of $482.70 and costs, and by said Ward assigned to appellant, J. M. Lyon, some time in 1881, and revived by said Circuit Court October 22, 1884, in the name of said Lyon as such assignee. The bill further sought to have said revived judgment declared to be satisfied and paid in full and to restrain the further issuance of execution thereunder; also to be let into possession of the land bought by said J. M. Lyon at said execution sale, and to cancel the sheriff's deed to said Lyon. There was a demurrer to this bill, which demurrer was sustained. Thereupon complainant amended his bill.

To the amended bill appellants filed a plea in bar, setting up a revival of the said judgment obtained by Ward, in the name of said J. M. Lyon, and that said judgment was so revived by the consent of said Calvin Dees and Willoughby Dees, appellee. A demurrer to this plea was sustained by the chancellor, which action is here assigned as error.

TAYLOR & ELMORE, for appellants.

Lyon et al. v. Dees.|

GLOVER & CARNATHAN; and T. N. McCLELLAN, contra.

CLOPTON, J.—The assignment of error, in reference to the omission of the chancellor to dismiss the bill after having sustained a demurrer thereto, having been abandoned, the only question for consideration relates to the decree of the court overruling a plea, which sets up in bar of the bill the revival of the judgment, which Ward recovered April 29th, 1880, against the complainant and Calvin Dees. The bill alleges that the judgment was assigned to J. M. Lyon, one of the appellants, in 1881, as security for the sum of two hundred dollars paid by him to Ward at the request of complainant in settlement of the judgment, and that in March, 1882, a mortgage on real and personal property was executed to Lyon to secure the same debt, and also an additional sum then advanced to complainant, which he agreed to receive in substitution for the judgment, and that the judgment was thereby satisfied. The judgment was revived in October, 1884, by consent of complainant, and in January, 1885, real and personal property was levied on and sold under an execution, which Lyon procured to be issued on the revived judgment; and in June, 1885, the property conveyed by the mortgage was sold under a power of sale therein contained. The revived judgment is set up in bar of the bill. We shall regard, as the chancellor did, the demurrer to the plea, as a mode adopted by the parties for setting the plea for hearing in vacation under the rule of chancery practice.

On this appeal, a discussion of the equities of the parties, further than may be necessary to determine the sufficiency of the plea, will be premature, and we forbear to enter upon such consideration. The effect of the plea is, that the payment and satisfaction of the judgment at the time of its revival is *res adjudicata*, and that the revival precludes the complainant from asserting that it had been previously paid and satisfied. If this be conceded, the question still remains, whether there is any matter of equity in the bill to which the plea does not set up a bar. While the bill alleges that cotton of the value of two hundred and twenty-five dollars was paid on the mortgage debt in 1882, it does not allege that the judgment was thereby paid, but that it was discharged by the substitution of the mortgage in lieu thereof as security for the money paid Ward. In what manner and to what extent would disproof of this last allegation affect the relief to which complainant would be entitled. Assum-

[Lyon et al. v. Dees.]

ing as true, that the debt, on account of the money paid
Ward in settlement of the judgment, was included in the
mortgage, complainants' case may be considered in two
aspects—whether the mortgage displaced the judgment as a
security and thereby destroyed the right of Lyon to use it as
such, or whether the mortgage was a cumulative and addi-
tional security for the debt—the nature and extent of the
relief being dependent on which aspect is sustained by the
proof. The judgment having been assigned to Lyon, as
security for the sum advanced by him, it was his right to
enforce its collection to the extent necessary to his reim-
bursement, but no further, unless this right is destroyed, or
modified or restricted by the subsequent transaction. If the
mortgage was in fact a substituted security intended to displace
the judgment as such, its subsequent enforcement was in-
equitable; and if the mortgage was merely a cumulative
security, Lyon could properly enforce either, or both, the
judgment and mortgage, for the payment of the amount ad-
vanced by him to Ward, but not both so as to coerce a double
payment of the same debt.

The equity of the bill does not rest solely on the mort-
gage having been accepted as security in lieu of the judg-
ment. Whether the sum advanced to Ward was included in
the mortgage, and the mortgage was substituted in lieu of
the judgment as security therefor, may become material as
affecting the right of Lyon to have an execution issued and
property sold thereunder, and as affecting the equity of com-
plainant to have the execution sale set aside. But, if the
judgment and mortgage were operative securities for the
same debt, and the mortgage was paid in 1882, except a
small balance, which was paid by the sale of the personal
property under the execution, the sale of the land thereunder,
was unnecessary, excessive and oppressive, which sale a
court of equity would set aside on allegation and proof, that
the assignee of the judgment was really the purchaser of
the land; and if such is the case, the subsequent sale of the
property conveyed by the mortgage would be an oppressive
and illegal exercise of the power of sale, for the abuse of
which Lyon would be responsible to complainant. If the
order of the court reviving the judgment were introduced
as evidence, and disproved the allegation that it was satisfied,
the right of complainant to relief would not necessarily be
defeated; it would only affect the nature and extent of the
relief. On the case made by the bill, a plea, setting up the

same matter, could have no other or greater effect. As the plea is in bar of the whole bill, and does not cover the whole case, by setting up a bar to all the matters of equity, it was properly set aside.—*Piatt v. Oliver*, 1 McLean, 295; 1 Dan. Ch. Pl. & Pr. 648.

Affirmed.